**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
**502 CARNEGIE CENTER**
**PRINCETON, NJ 08540**
**609-919-6600**
Attorneys for LTS Lohmann Therapy Systems Corp.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ENTROTECH, INC.,** | Civil Action No. _10-MC-94 (PGS)_ |
| **Plaintiff,** | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| **JAMES R. KOCH, et al.,** | |
| **Defendants.** | |

## STIPULATED PROTECTIVE ORDER

WHEREAS LTS Lohmann Therapy Systems Corp. ("LTS Corp."), a non-party in this action, possesses confidential information which may be disclosed in responding to (1) a subpoena for documents served upon LTS Corp. by Entrotech, Inc. ("Plaintiff") on April 14, 2010, or (2) a subpoena for deposition testimony served upon LTS Corp. by Plaintiff on April 26, 2010 (collectively, the "Subpoenas"), which information must be protected in order to preserve the legitimate business interests of LTS Corp. and its customers; and

WHEREAS Plaintiff, LTS Corp., and Defendants James Koch and JDC Coatings, Inc. (collectively, "Defendants") have, through counsel, stipulated to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the undersigned have established good cause for entry of this Order. IT IS HEREBY ORDERED that:

I.      Definitions

(a)   The term "Ohio Litigation" shall mean the lawsuit pending in the United States District Court for the Southern District of Ohio, captioned *Entrotech, Inc. v. James R. Koch, et al.*, and bearing case number 2:10-CV-273.

(b)   The term "Highly Confidential Information"[1] shall mean information designated as containing or comprising Highly Confidential Information pursuant to the provisions of this Order. Highly Confidential Information includes all information of a proprietary business or technical nature that might be of value to an actual or potential competitor of LTS Corp. or which may cause harm to the competitive position of LTS Corp. and that LTS Corp. reasonably believes should be protected from disclosure. Such information may also include, without limitation, documents produced in this action, during formal discovery or otherwise; information produced by third parties (including LTS Corp.'s customers) which LTS Corp. is under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition, hearing, or trial transcripts; tangible things or objects that are designated as containing or comprising Highly Confidential Information. The information contained therein and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such information shall

---

[1] The undersigned counsel acknowledge that Plaintiff and Defendants previously entered into a Stipulation and Protective Order, which was filed in the Ohio Litigation on April 19, 2010 (the "Ohio Order"). The undersigned counsel further acknowledge that the Ohio Order established a designation of "Confidential Information – Attorneys' Eyes Only" for certain documents and information. The undersigned counsel agree that the designation established herein as "Highly Confidential Information" shall be synonymous with the designation established in the Ohio Order as "Confidential Information – Attorneys' Eyes Only", and that all information or documents disclosed hereunder with the designation "Highly Confidential Information" shall be deemed by Plaintiff's counsel and Defendants' counsel to also constitute designation as "Confidential -- Attorneys' Eyes Only" under the Ohio Order. In the event of any conflict regarding whether the terms of the Ohio Order or this Protective Order apply to any documents or information, counsel agree that whichever order provides higher protection for said documents or information shall apply.

also be deemed Highly Confidential Information. Highly Confidential Information shall not include materials that have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this action or have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party. Examples of Highly Confidential Information may include without limitation:

      (i)     Current and future business plans, including unpublished financial data and pricing information;

      (ii)    Private product development and design information (for new, old, suspended and abandoned products);

      (iii)   New business development (for new and old projects);

      (iv)   Trade secrets;

      (v)    Competitor market analysis;

      (vi)   Customer lists;

      (vii)  Distributor agreements and licenses;

      (viii) Agreements with sales representatives;

      (ix)   Business relationships with a party to this litigation or a third party; and

      (x)    Manufacturing processes for products currently offered or under development.

      (c)    The term "Receiving Party" shall mean the party to whom Highly Confidential Information is disclosed.

-3-

(d)      Notwithstanding anything to the contrary herein, the description Highly Confidential Information shall apply to all that information so designated by LTS Corp. absent an order of the Court or subsequent written agreement of LTS Corp. providing otherwise.

## Designation of Highly
## Confidential Information as Highly Confidential Information

2.      LTS Corp. shall designate any material that it believes contains or comprises Highly Confidential Information. In so designating the material, LTS Corp. shall mark "HIGHLY CONFIDENTIAL" on every page containing Highly Confidential Information.

3.      Where a document request calls for otherwise discoverable information that is held under obligations of confidentiality owed to a third party and LTS Corp. objects on this ground, LTS Corp. may withhold production for a period of ten (10) business days after (a) such objection, (b) entry of this Order, or (c) after learning in good faith that the request sought or seeks specific material as to which a third party confidentiality obligation exists, whichever is later, in order to provide appropriate notice to the third party. LTS Corp. shall thereafter disclose in compliance with this Order any responsive materials or information held under obligations of confidentiality to such person unless said third party or LTS Corp. moves for or obtains a protective order in this Court within that time.

4.      In the event LTS Corp. discovers, after it has produced information, that it has inadvertently produced Highly Confidential Information that has not been correctly designated, LTS Corp. may redesignate the information by a subsequent notice in writing specifically identifying the redesignated information, in which event the undersigned parties shall thereafter treat such information in accord with this Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information

-4-

contained in unlabeled documents or things occurring before the Receiving Party was placed on notice of LTS's Corp.'s claims of confidentiality.

## Disclosure of Highly Confidential Information

5.     Information designated as Highly Confidential Information may be disclosed only to the following:

(a)     Attorneys, employees, and staff who are affiliated with the law firms representing Plaintiff, LTS Corp., or Defendants, and who are actively engaged in the Ohio Litigation or in response to the Subpoenas. At present, such firms are Carlile Patchen & Murphy LLP, Schottenstein Zox & Dunn Co., LPA  and Morgan, Lewis & Bockius LLP.

(b)     The Court, Court personnel, and Official Court Reporters to the extent that Highly Confidential Information is disclosed at a deposition or court session which such reporter is transcribing.

(c)     Outside document copying services, and/or document coding or computerization services.

## Use and Control of Highly Confidential Information.

6.     Except as otherwise approved by LTS Corp. or by an order of the Court, documents and information designated by LTS as Highly Confidential Information may be used by a Receiving Party in taking testimony during a deposition, at a hearing, or at trial, only if the witness is:

(a)     an existing employee of LTS Corp.;

(b)     any person having authored or received the Highly Confidential Information during the course of his or her employment or consultancy; or

Any attendee at a deposition in which Highly Confidential Information is shown or discussed must be qualified under this Order to review such information. The undersigned

expressly agree that all persons not so qualified may be excluded from the portion of any deposition in which Highly Confidential Information is shown or discussed.

7.      All information designated as Highly Confidential Information and disclosed pursuant to this Order shall be used by a recipient thereof solely for the purposes of prosecuting or defending the Ohio Litigation or for responding to the Subpoenas, and not (1) for any business or competitive purposes or (2) in any other litigation or arbitration. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

8.      All deposition testimony shall be marked Highly Confidential and shall be treated as containing Highly Confidential Information and subject to this Protective Order until a time of thirty (30) calendar days after the official transcript of such testimony is received. After expiration of the thirty (30) day period, the Highly Confidential designation shall have no force and effect unless within thirty (30) calendar days of receipt of the official deposition transcript, LTS Corp. notifies the Receiving Party in writing that Highly Confidential Information is contained within the deposition testimony and specifies the pages and lines of the transcript on which such information is contained. If during a Court proceeding Highly Confidential Information is likely to be revealed, any party may request that the proceeding be held in camera. If such request is granted by the Court, the transcript of such proceedings shall be treated as a deposition transcript for the purposes of this Order.

9.      All Highly Confidential Information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Highly Confidential Information,

shall be filed under seal and kept under seal until further order of the Court. Where possible, only the protected portions of filings with the Court shall be under seal.

### Miscellaneous

10.     The undersigned acknowledge that it may be impractical to contemporaneously assess the confidentiality of any or all information in documents, testimony, transcripts, and/or other materials and things produced by LTS Corp. in the course of this action. Therefore, if the Receiving Party wishes to challenge the designation, or lack thereof, of any such information, the Receiving Party shall, in good faith, limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which reclassification reasonably appears to be appropriate. LTS Corp. shall, within ten (10) business days after receipt of the Receiving Party's request for reclassification, make a good faith determination as to whether the information at issue should be reclassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally or no response is received from LTS Corp. within such ten (10) business days, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes. The Receiving Party shall have the burden of establishing the propriety of the designation. The designation of the disputed information shall remain unless and until otherwise ordered by the Court. A party shall not be obligated to challenge the impropriety of a designation of a document as Highly Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

11.     This Protective Order may be amended with respect to specific documents or items of Highly Confidential Information by Court order, or by written agreement of the undersigned hereto. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated by Order of this Court.

12.     Upon final termination of this action (including all appeals) with respect to any party receiving any Highly Confidential Information and at the option of LTS Corp., the Receiving Party shall, within thirty (30) days of such termination, either return to LTS Corp. or destroy all Highly Confidential Information in its possession. In either event, the Receiving Party shall specifically describe the materials returned or destroyed and certify their return or their destruction, with the exception that outside counsel for each party may retain one copy each of the pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits, and the trial record.

13.     The Receiving Party shall not disclose or cause to be disclosed to anyone not specified in Paragraph 5 as being entitled to receive it, any information designated as Highly Confidential Information under this Protective Order without prior written consent of LTS Corp. or an Order of this Court. If the Receiving Party learns that Highly Confidential Information produced to it is disclosed to any person other than in the manner authorized by this Order, the Receiving Party learning of the disclosure must immediately inform LTS Corp. of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

14.     Nothing herein shall prevent any party or non-party from seeking relief other than that specified in this Order from the Court.

15.     Nothing herein shall prevent LTS Corp. from disclosing its own commercial information in any manner that it considers appropriate.

16.     All documents and things produced by LTS Corp. for inspection by the Receiving Party shall be retained by LTS Corp. and, during the pendency of this litigation, shall be made

-8-

available for reinspection for good cause pursuant to the terms of this Order on reasonable notice and at reasonable times upon request.

      17.    Inadvertent production of documents or information subject to the attorney-client and attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied. If LTS Corp. discovers that information produced in discovery should have been withheld on the basis of privilege, LTS Corp. must, upon making said discovery, immediately notify the Receiving Party. In such event, the Receiving Party must immediately return the privileged information along with all duplicates. Once notified of the production of privileged information, the Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to LTS Corp. Within fifteen (15) days of notifying all other parties, LTS Corp. must provide a privilege log to all parties that lists the privileged information. The Receiving Party shall have no liability, under this order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of LTS Corp.'s claims of privilege.

      18.    Execution of this Protective Order shall not constitute a waiver of the right of LTS Corp. to claim in this action or otherwise that any discovery material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

      19.    This Protective Order shall continue in effect after termination of this action and shall continue to be binding upon all persons to whom Highly Confidential Information is disclosed hereunder.

[THE REST OF THIS PAGE IS INTENTIONALLY BLANK ]
[A SIGNATURE PAGE FOLLOWS]

WE HEREBY STIPULATE AND CONSENT TO ENTRY OF THIS ORDER:

CARLILE PATCHEN & MURPHY LLP

Carl A. Aveni, II
366 East Broad Street
Columbus, OH 43215

*Attorneys for Plaintiff*
*Entrotech, Inc*

Date: 5/3/10

MORGAN LEWIS & BOCKIUS LLP

Larry L. Turner
Daniel E. Orr
502 Carnegie Center
Princeton, NJ 08540

*Attorneys for Non-Party*
*LTS Lohmann Therapy Systems Corp.*

Date: 5/4/10

SCHOTTENSTEIN ZOX & DUNN CO., LPA

James Davidson
250 West Street
Columbus, OH 43215

*Attorneys for Defendants*
*James R. Koch and JDC Coatings, Inc.*

Date: 5/3/10

SO ORDERED THIS 17 day of May 2010

United States District Judge

-11-